UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KELLI COLSON,

        Plaintiff,

v.                                                                                                  CASE NO. 3:24-cv-1303-SJH

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Consent Petition for Attorney Fees and Costs ("Motion"). Doc. 20. For the reasons herein, the Motion is due to be **granted**.

Petitioner, Chantal J. Harrington, attorney for Plaintiff, successfully represented Plaintiff in this appeal of an adverse decision by the Social Security Administration. *See* Docs. 18-19. The case came before this Court and was reversed and remanded. *Id.*

Ms. Harrington requests $4,910.88 in attorney's fees for her representation of Plaintiff pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Doc. 20 at 1-2. Defendant does not object to the amount of attorney's fees requested. *Id.* at 3.

Under EAJA, unless otherwise provided by statute, a court must "award to a prevailing party other than the United States fees and other expenses … incurred by

that party in any civil action … brought by or against the United States … unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). EAJA also limits individuals eligible to recover fees to those "whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B).

Plaintiff, having obtained a sentence-four reversal of a denial of benefits and remand, is a "prevailing party." *See Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993). In light of the lack of opposition, the Court will not find that Defendant's position was substantially justified. *See Andersen v. Kijakazi*, No. 8:22-cv-630-AAS, 2023 WL 269567, at *1 (M.D. Fla. Jan. 18, 2023); *Bennett v. Comm'r of Soc. Sec. Admin.*, No. 3:19-cv-1158-MCR, 2021 WL 9772226, at *1 (M.D. Fla. June 29, 2021). Further, there are no special circumstances that make the award unjust.

In addition, the Motion represents that Plaintiff's net worth when this proceeding was filed was less than $2 million, Doc. 20 at 2.[1] Thus, an award of attorney's fees under EAJA is appropriate.

Regarding the amount to be awarded, EAJA requires that the fees be "reasonable." 28 U.S.C. § 2412(d)(2)(A). The amount of fees "shall be based upon

---

[1] Plaintiff's net-worth representation is not accompanied by any affidavit or other evidence. Given the lack of opposition to the Motion, the undersigned will find Plaintiff's eligibility under EAJA established, *see Velazquez v. Comm'r of Soc. Sec.*, No. 3:18-cv-934-J-PDB, 2019 WL 6842075, at *1 (M.D. Fla. Dec. 16, 2019), *Sheri R. v. Saul*, No. 2:18-cv-136-MKD, 2019 WL 13202199, at *2 (E.D. Wash. July 30, 2019), but future EAJA petitions should include evidence supporting net-worth representations, *see Sheri R.*, 2019 WL 13202199, at *2.

prevailing market rates for the kind and quality of the services furnished" and "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.*

The Motion states that Ms. Harrington worked 19.5 hours at a rate of $251.84 per hour; the Motion in turn seeks fees totaling $4,910.88. Doc. 20 at 1-2. Considering the lack of opposition, the Court finds the hourly rate reasonable, and the cost-of-living adjustment warranted.[2] *See Bennett*, 2021 WL 9772226, at *1. The Court also finds reasonable the number of hours spent by Plaintiff's counsel on the case. Thus, the Court finds that $4,910.88 is a reasonable amount for attorney's fees in this case pursuant to 28 U.S.C. § 2412(d)(2)(A).

Accordingly, it is **ORDERED**:

1. The Motion (Doc. 20) is **granted**.

2. The Clerk of Court shall enter judgment in favor of Plaintiff and against Defendant in the amount of $4,910.88.

3. The Commissioner will determine whether Plaintiff owes a debt to the government. If the United States Department of the Treasury determines that Plaintiff does not owe such a debt, the government will accept Plaintiff's assignment of EAJA fees and costs and pay the fees and costs directly to Plaintiff's counsel.

---

[2] If the hourly rate was contested, the Court's determination as to the reasonableness of the rate might be different.

**DONE AND ORDERED** in Jacksonville, Florida, on July 7, 2025.

_____
Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record